BRADFORD S. MAGILL, Plaintiff Below,

Appellant,

*vs.*

NORTH AMERICAN REFRACTORIES COMPANY ET AL., Defendants Below,

Appellees.

*Supreme Court, On Appeal, February 14, 1957.*

*Aaron Finger,* of Richards, Layton & Finger, Wilmington, for appellant.

*William Prickett* and *William Prickett, Jr.,* Wilmington, for appellees.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

SOUTHERLAND, Chief Justice: In *Magill v. North American Refractories Company, ante p.* 185, 128 *A.2d* 233, we held that the voting list produced at the company's annual election in May, 1956, did not comply with the provisions of 8 *Del.C.* § 219 because it did not show the stockholdings or addresses of the stockholders. We reserved for further argument the question of relief. This is the decision upon that question.

Section 219, 8 *Del.C.* provides:

"The officer who has charge of the stock ledger of a corporation shall prepare and make, at least ten days before every election of directors, a complete list of the stockholders entitled

to vote at said election, arranged in alphabetical order. Such list shall be open at the place where said election is to be held for 10 days, to the examination of any stockholder, and shall be produced and kept at the time and place of election during the whole time thereof, and subject to the inspection of any stockholder who may be present. Upon the wilful neglect or refusal of the said directors to produce such a list at any election they shall be ineligible to any office at such election."

The first question that confronts us is whether the refusal of the directors to produce a complete list was "wilful". Defendants say that since it was intentional it was necessarily wilful, because this is a civil action and not a criminal one. See *United States v. Murdock,* 290 *U.S.* 389, 54 *S.Ct.* 223, 225, 78 *L.Ed.* 381, in which Mr. Justice Roberts said:

"The word often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental."

This is ordinarily an acceptable definition in construing a statute dealing with civil remedies or penalties, as opposed to a criminal statute. But we think that the principle is not applicable under the facts of this case. These are beyond dispute, and it is unnecessary to remand the case and require the Vice Chancellor to find them.

*First.* The record shows that prior to the preparation and filing of the voting list the company's local counsel and its Delaware counsel had considered the question whether the statute required the list to contain stockholdings and addresses of stockholders as well as names. Both counsel were of opinion that the statute did not so require and so advised the Board of Directors. The Board acted upon that advice.

*Second.* It is perfectly clear to us that the directors of North American acted in good faith and upon the advice of counsel, given after an examination of such authorities as were pertinent. It is also clear enough from our former opinion in this case that the question presented was a close and difficult one. It had never been passed

on by any court in this State. The view of defendants' counsel was sufficiently persuasive to convince the Vice Chancellor that it was correct. We took the other view, for the reasons set forth in our former opinion. But we see no reason why advice of counsel, given upon a close and difficult question of first impression, and followed in good faith, should not be a ground for a court of equity to refuse to inflict a civil penalty. Indeed, this Court has held that an honest mistake of law upon advice of counsel is a defense to a criminal charge, notwithstanding the general principle that ignorance of the law excuses no one. *Long v. State,* 5 *Terry* 262, 44 *Del.* 262, 65 *A.2d* 489. We think that the defense is properly made here. The directors, therefore, were not ineligible for re-election at the meeting in May, 1956.

But it remains true that a proper list was not produced. Does that fact invalidate the election as a matter of law?

The requirement for a complete voting list is an important one. But it does not follow that the election must be declared void. It is the general rule that an election fairly held should not be set aside for irregularities not affecting the substantive rights of stockholders. 5 Fletcher, *Cyclopedia Corporations,* § 2024. Compare the comments of Chancellor Wolcott in *Duffy v. Loft,* 17 *Del.Ch.* 140, 148, 151 *A.* 223, to the effect that strictness and technicality of view will often be brushed aside in reviewing corporate elections. We do not mean that the requirement for a voting list is a mere technicality; but the question always is, were the rights of the complaining stockholders prejudiced? *Downing v. Potts,* 23 *N.J.L.* 66, involved a voting list that was not filed ten days before the election and that was incomplete. The New Jersey statute provided that the directors refusing to produce such a list should be ineligible to re-election. The court rejected the contention that the election was *ipso facto* void. Referring to this prohibition, the court said at page 73: "If the election be void, the prohibition is a nullity." We think that under our statute the reviewing court, which must make "such order or decree in any such case as may be just and proper," 8 *Del.C.* § 225, is given a discretion to determine whether a new election should be ordered. The exercise of that discretion must be based on the facts

of the case, and (absent a wilful refusal) especially upon a finding whether the failure to produce a complete list "operated prejudicially to the rights of the party complaining". *Downing v. Potts, supra.* This is a finding that we cannot make on the record before us. Plaintiff duly demanded at the meeting the production of the list. Defendants insist, as we understand them, that plaintiff's purpose in seeking the list was a sinister one, or at least improper. Plaintiff denies this, and, for all we can tell, he may have intended to make a perfectly legitimate use of the list at the meeting, although he was not apparently carrying on a proxy fight. This conflict we cannot resolve here. We should therefore in ordinary circumstances remand the case to the Court of Chancery with instructions to determine whether, the refusal to produce not having been "wilful", the plaintiffs' rights were prejudiced. But this, unfortunately for the plaintiff, would be a futile gesture. The annual meeting will occur in early May. Assume that the issue, if remanded for trial, would be determined in plaintiff's favor. To hear it will require time; briefs or argument will require time; and the Chancellor will require time for consideration. Time for preparation of the voting list and for the giving of notice must be added. And the sum total of all this time must be reckoned from the receipt of the mandate of this Court, which does not issue at least until the expiration of the ten days allowed for filing a petition for reargument. Common knowledge of the time required for the trial and determination of any issue of fact of the kind here presented leads inevitably to the conclusion that even if an election could be held before May, the time between the confirmation of the election and the annual meeting would be so short that nothing of value to plaintiff could be accomplished by holding it. To subject the corporation to the trouble and expense of an election of a board of directors that would serve but a few weeks at the most would be quite unjustified. Cf. *Moon v. Moon Motor Car Co.,* 17 *Del.Ch.* 176, 151 *A.* 298. The failure of the plaintiff to obtain relief in this case is the unavoidable consequence of the time necessarily consumed in the review of the decision below.

The case will be remanded to the Court of Chancery for New Castle County, with instructions to vacate the order of July 24,

1956, and enter a judgment to the effect that the list produced at the annual meeting of North American Refractories Company was not a complete list of stockholders within the meaning of 8 *Del.C.* § 219; that the refusal of the directors to produce such a list was not wilful; that because of the imminence of the annual meeting on May 9, 1957, further relief cannot be granted; and taxing the costs against the appellees.